IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

**MAR 0 7** 2013

CHRIS R. JOHNSON, Clerk
By
_____
Deputy Clerk

| | |
|---|---|
| VINNIE WILKINS, Individually and As Administratrix and Personal Representative for the Estate of MICHEAL LARAY WILKINS | ) ) ) ) ) |
| PLAINTIFF | ) ) |
| VS. | ) ) ) |
| OUACHITA COUNTY; DAVID NORWOOD, In His Individual and Official Capacity as Sheriff for Ouachita County; JOE STRICKLAND, in his Individual and Official Capacity as Ouachita County Sheriff Chief Deputy; LT. JAMES BOLTON Jail Administrator of the Ouachita County Detention Center; CABUN RURAL HEALTH SERVICES, INC.; MELANIE SHEPPARD, Executive Director of Cabun Rural Health Services, Inc. in her Individual and Official Capacity; DR. JOSEPH SARNICKI, Medical Provider at the CABUN RURAL HEALTH SERVICES, Inc., in his Individual Capacity; DR. PATRICIA ELETHORP, in Her Individual Capacity; WANDA RENEE BASSETTI in her Individual Capacity; JOHN DOE #1, Medical Practitioner at CABUN RURAL HEALTH SERVICES | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| DEFENDANTS | ) ) ) |

CASE NO. ___13-1024___

JUDGE: ___SOH___

MAGISTRATE: _____

**JURY TRIAL DEMANDED**

COMPLAINT

COMES NOW Ms. Vinnie Wilkins by and through her Attorney Bridgette M.

Frazier for her cause of action against the Defendants.

### Introduction

The Plaintiff Vinnie Wilkins brings this action pursuant to the Federal and

State Constitutions, Federal and State Law as well as the Arkansas' Wrongful

Death Law which is codified at Ark. Code. Ann. §16-62-101 *et seq.* on behalf of

herself and the beneficiaries of Michael Laray Wilkins, deceased.  This cause of

action seeks to recover damages against the Defendants pursuant to among

other things violations of the Fifth, Eighth, and Fourteenth Amendments to the

Constitution, due to the deliberate indifference of Mr. Wilkins serious medical

needs.  At the time of his death, Mr. Wilkins was a pre-trial detainee.  This is

also an action seeking declaratory and injunctive relief.

### Jurisdiction

1.     Jurisdiction of this Court is being invoked pursuant to 28 U.S.C. §1343,

42 U.S.C. §1983 and the Eighth, Fifth and Fourteenth Amendments to the

United States Constitution as well as 28 U.S.C. §2201.   This Court has

supplemental jurisdiction over Plaintiff's state claims including but not limited

to her claims under the Arkansas Civil Rights Act, codified at Ark. Code Ann.

§16-123-101 *et seq.* and the Arkansas' Wrongful Death Statute codified at Ark.

Code. Ann. §16-62-101 *et seq.* pursuant to 28 U.S.C.A. §1367.

2.     Relief is sought under and proper pursuant to the state and federal

statutes enumerated in Paragraph 1 of this Complaint as well as various

provisions of the Federal Code of Civil Procedure.

2

3.      Venue in this district is proper under 28 U.S.C.A. §1391(b) as the parties reside in this judicial district and the events giving rise to this action occurred in this judicial district.

### Parties

4.      The Plaintiff Vinnie Wilkins is the widow of Mr. Wilkins and the duly appointed, qualified and acting Administratrix and Personal Representative of the Estate of Michael Laray Wilkins, pursuant to an order of the court heretofore entered by the Probate Court of Ouachita County, Arkansas appointing Plaintiff as Administratrix of her husband's estate.  Pursuant to Ark. Code Ann. §16-62-101 *et seq.* this action can be and is being brought by the Plaintiff, the duly appointed Administratrix of the decedent's estate on behalf of herself and the decedent's beneficiaries.

5.      The Defendant Ouachita County is a public body corporate created by the General Assembly for the State of Arkansas pursuant to Arkansas Code Ann. §14-14-501.  Said Ouachita County, Arkansas owns and operates a sheriff's department to keep the peace and order of said county.

6.      Furthermore, said county owns and operates a county jail, Ouachita County Detention Center ("OCDC") for the purpose of housing pre-trial and post-trial detainees.  Defendants Norwood, Strickland and Bolton for at all times relevant to this action were employees of Ouachita County.

7.      The Defendant Cabun Rural Health Services, Inc. is at all times relevant herein a corporation registered in the State of Arkansas.  Defendant Wanda Renee Bassetti is a medical provider who at all relevant times herein was

3

Plaintiff's medical provider at Cabun Rural Health Services, Inc. Ms. Bassetti may or may not have been present when Mr. Wilkins was turned away at Cabun Rural Health Services, Inc.

8.    Defendant Melanie Sheppard is the Executive Director for Cabun Rural Health Services, Inc.

9.    The Defendant Sarnicki is not only a Principal in Cabun Rural Health Services, Inc. but also at all times relevant herein was a health care provider at Cabun Rural Health Services, Inc. and owed Plaintiff a contractual and legal Duty of Care. He may have been responsible for the actions and conduct of personnel at Cabun Rural Health Services, Inc.

10.   The Defendant Dr. Patricia Elethorp was at all times relevant herein a provider at Cabun Rural Health Services Inc. and owed Plaintiff a contractual and legal Duty of Care.

11.   The Defendant John (or Jane) Doe #1 was at all times relevant herein an employee or medical practitioner at Cabun Rural Health Services Inc. and owed Plaintiff a contractual and legal Duty of Care.

Factual Allegations

12.   Plaintiff reasserts Paragraphs 1-11 as if fully written herein.

13.   On or around August 4, 2010, Michael Wilkins was arrested and detained in the Ouachita County Detention Facility.

14.   His first day in jail, he informed the Defendants of his medical conditions. The Defendants confirmed with his wife that he had several medical conditions, and that he had several prescription medications.

4

15. On numerous occasions, his sister had to call Ouachita County Detention Center to remind them of Mr. Wilkins' medical appointments for his medical conditions.

16. Mr. Wilkins frequently complained orally and in writing that Defendants did not take him to his doctor, and that he was not getting all of his medications.

17. On March 14, 2011 – 7 months after his arrest -- Mr. Wilkins was still in the OCDC as a pre-trial detainee.

18. He appeared before Judge Keaton on that day and told him that he was sick, and that he needed an attorney. (His family eventually hired Mr. Wayne Oliver to represent him on his criminal charges.)

19. On March, 21, 2011, Mr. Wilkins submitted a written request to the Defendants letting them know that he was sick and needed a doctor.

20. One week later on March 28, Lt. Bolton wrote that he was trying to make him an appointment.

21. On April 7, Mr. Wilkins again requested medical treatment.

22. On or around April 8, 2011, Mr. Hampton went to the OCDC to visit Mr. Wilkins.

23. That day, Chief Jailer Davidson transported Mr. Wilkins to the Cabun Clinic in Hampton, Arkansas under the mistaken assumption that he had a doctor's appointment. When they arrived, the receptionist informed them that Mr. Wilkins' appointment was on Monday, April 11, 2011.

5

24.     In the presence of the jailers, Mr. Wilkins asked the receptionist if he could see a doctor anyway because he "felt bad". The attending nurse went to the back and relayed the message to the Defendant. All medical practitioners including the physicians refused to see Mr. Wilkins. They callously told him he had to come back on Monday.

25.     Employees at the clinic never examined Mr. Wilkins and never bothered to even triage him.

26.     After his death, employees at the Cabun Clinic conspired to cover up their lack of medical treatment. The clinic manager, Sharon Bennett, RN, went so far as to falsify a triage form falsely stating that he was assessed.

27.     They failed legally – and morally – to offer Mr. Wilkins any assistance.

28.     After the employees and medical providers at the Cabun Clinic refused to see Mr. Wilkins, Jailer Davidson took Mr. Wilkins back to his cell at the OCDC.

29.     At no time did any employee at the OCDC or the Ouachita County Sheriff's office transport Mr. Wilkins to the ER or seek other medical care for him.

30.     The following day on April 9, 2011, Mr. Wilkins again requested medical treatment from the Defendants. On a medical request form, he wrote that he was very weak and couldn't eat anything, that he was dropping his plates and drinks, and that he felt like vomiting but could not. He begged them that he needed to get to the hospital, that he had "heartburns" and "headaches".

6

31. At no time did any employee at the OCDC or the Ouachita County Sheriff's office transport Mr. Wilkins to the ER or seek other medical care for him.

32. Instead, the jailers watched him "slowly going to his knee's [sic] and rolled over on to his back like had possibly fainted or fell". Instead of finally providing him with medical care, they documented that he had faked a fall.

33. On or about the evening of April 10, Mr. Hampton called Mr. Wilkins' sister, Dianne Brown and told her that Mr. Wilkins was too sick to have a conversation, and that she may want to check on him. Ms. Brown replied that she couldn't check on him that night, as it was Sunday evening, but she would check on him the next day. She never got the chance.

34. On April 10, 2011, Jailer Gregory Wood observed that Mr. Wilkins could not get up for his evening med call. He did not speak, and he was unable to even initial for his medication. Jailer Wood called Lt. Bolton and advised him of the situation.

35. At no time did any employee at the OCDC or the Ouachita County Sheriff's office transport Mr. Wilkins to the ER or seek other medical care for him.

36. Only four hours after that, the Defendants, after prompting from other inmates, noticed that Mr. Wilkins was on the floor and unresponsive.

37. It wasn't until then that they finally called for medical help.

38. Unfortunately by that time, it was too late for the medical intervention, and Mr. Wilkins died alone on the jailhouse floor.

39.    In an interview with the Camden News, Defendant Norwood further added insult and pain to the Plaintiff and Mr. Wilkins' family by telling the local paper that Mr. Wilkins had "a long history of medical problems, but he also had a history of drug abuse".

Count 1
Deprivation of Civil Rights

40.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1-39.

41.    The Defendants were aware of Mr. Wilkins serious medical needs.

42.    Although Mr. Wilkins repeatedly attempted to get help for his serious medical needs, the Defendants were deliberately indifferent to them, resulting in Mr. Wilkins' death.

43.    The Defendants' acts of deliberate indifference towards Mr. Wilkins serious medical needs violated his Eighth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

44.    The Defendants' act of deliberate indifference towards Mr. Wilkins' serious medical needs show intent to punish the Mr. Wilkins in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

45.    The Defendants were acting under color of law when they detained the Mr. Wilkins and confined him to the OCDC.

46.    Defendants David Norwood and Joe Strickland under the color of law, intentionally, negligently and with complete indifference towards the Mr.

8

Wilkins' rights caused him to be deprived of his constitutional rights not limited to the Fifth, Eighth and Fourteenth Amendments to the United States Constitution by failing to properly respond towards his medical needs, which was a proximate cause of his death.

47.    The Defendants, acting under color of law intentionally, negligently and with complete indifference towards the Mr. Wilkins' rights caused him to be deprived of his constitutional rights under the Arkansas Constitution and in violation of the Arkansas Civil Rights Act.

## Count II
## Wrongful Death

48.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1-47 as if fully set out herein.

49.    Mr. Wilkins experienced pain and suffering due to the deliberate indifference towards his serious medical needs in an amount to be proven at trial. This amount is recoverable by the plaintiff for purpose of Mr. Wilkins' estate.

50.    By reason of the wrongful death of Mr. Wilkins, his heirs-at-law have incurred pecuniary damages and severe mental anguish.

51.    Plaintiff brings Count II pursuant to Ark. Code. Ann. § 16-62-101 and § 16-62-102 which provides for damages for wrongful death and wrongful survival whenever the death of a person shall be caused by a wrongful act.

## Count III
## Negligence

52.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1-51 as if fully set out herein.

53.     Defendants were medically negligent in their treatment, or lack thereof of Mr. Wilkins. Their actions fell well below the standard of care.

54.     Pursuant to the Arkansas Code, this action can be and is being brought by the Plaintiff, the duly appointed Administratrix of Mr. Wilkins' estate on behalf of herself and Mr. Wilkins' beneficiaries.

## Count IV
### Failure to Train

55.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1-54 as if fully set out herein.

56.     Defendants Ouachita County and David Norwood have failed to adequately train and supervise the jailers, correctional officers and sheriffs with regards to their responsibilities and duties to provide pre-trail detainees with adequate medical care.

57.     Mr. Wilkins died as a proximate and foreseeable result of their negligence.

## Count IV
### Conspiracy

58.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1-57 as if fully set out herein.

59.     Defendants acted in concert and acted in conspiracy to deprive Mr. Wilkins of his constitutional rights.

60.    The acts and conduct of the Defendants complained of herein constitute violations of 42 U.S.C § 1981 and 42 U.S.C. § 1985.

### Damages

61.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1-60 as if fully set out herein.

62.    Mr. Wilkins experienced pain and suffering due to the Defendants' act of deliberate indifference towards his serious medical needs in an amount to be proven at trial.  This amount is recoverable by the Plaintiff for purpose of Mr. Wilkins' estate.

63.    Mr. Wilkins also incurred medical expense due to the Defendants' act of deliberate indifference in amount to be proven at trial.  This amount is recoverable for purpose of the Mr. Wilkins' estate.

64.    Mr. Wilkins also incurred funeral expenses due to the Defendants' acts, in an amount to be proven at trial. This amount is recoverable by the Plaintiff for purposes of Mr. Wilkins' estate.

65.    The Plaintiff and the Plaintiff's other family experienced severe mental anguish over the loss of Mr. Wilkins' life.

66.    Mrs. Wilkins has also individually suffered a loss of partnership, companionship and consortium because of the actions of the Defendants.

### Prayer for Relief

67.    In consideration of the foregoing, Plaintiff Vinnie Wilkins prays the Clerk set this matter for trial by jury and, upon a hearing and verdict thereon, prays for this Court to issue a Judgment:

a. Declaring the acts and conduct of all Defendants complained of herein to be in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States;

b. Declaring the acts and conduct of all Defendants complained of herein to be in violation of the Arkansas Constitution, and therefore, actionable pursuant to the Arkansas Civil Rights Act, Ark. Code Ann. §16-123-101 *et. seq.*;

c. Finding that the Ouachita County and the Ouachita County Sheriff's Office has failed to properly train and supervise their officers and employees including employees of the Ouachita County Detention Center;

d. Finding that the Defendants Cabun Rural Services, Inc. and the other Defendants' conduct fell below the standard of care and contributed to the death of Mr. Wilkins;

e. Awarding Plaintiff actual monetary and compensatory damages and in an amount to be proved at trial but, in any event, greater than that amount necessary to establish diversity jurisdiction;

f. Awarding Plaintiff punitive damages against Defendants;

g. Awarding Plaintiff his costs incurred in bringing this action, including reasonable attorney's fee, pursuant to 42 U.S.C. § 1988;

h. Specifically enjoining Defendants from any further acts or conduct in derogation of their duty to preserve the constitutional rights of pre-trial detainees of the Ouachita County Detention Center; and

i.  Awarding Plaintiff all other just and equitable relief to which he

may be entitled.


Respectfully submitted,


Bridgette M. Frazier
Attorney at Law
Bar No. 99-036
1723 S. Broadway
Little Rock, AR 72206
501-374-3758 (tel.)
501-374-4187 (facsimile)
bmf@thefrazierlawfirm.com