IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

VINNIE WILKINS, Individually and
As Administratrix and Personal
Representative for Estate of
MICHEAL LARAY WILKINS                                              PLAINTIFF

VS.                           CASE NO. 13-cv-1024

OUACHITA COUNTY, *et al*.                                          DEFENDANTS

## ORDER

Before the Court is a Motion to Substitute the United States of America filed by the United States Attorney for the Western District of Arkansas.  (ECF No. 12).  The United States, currently a non-party to this case, moves to be substituted as the proper party defendant in place of Separate Defendants Cabun Rural Health Services, Inc.; Melanie Sheppard; Dr. Joseph Sarnicki; Dr. Patricia Elethrop; and Wanda Renee Bassetti.  Provided that the Court allows the substitution, the United States requests that Plaintiff's claims against it be dismissed because Plaintiff has failed to exhaust her administrative remedies under the Federal Tort Claims Act.  Plaintiff has not filed a response to the motion but has informed the Court that she does not object to the motion.  The Court finds this matter ripe for consideration.

Upon consideration, the Court finds that the motion should be and hereby is **GRANTED**. Pursuant to 28 U.S.C. § 2679(d)[1], the United States is hereby substituted as the defendant in place

---

[1] "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant."  28 U.S.C. § 2679(d)(1).  *See also* 28 C.F.R.

of Separate Defendants Cabun Rural Health Services, Inc.; Melanie Sheppard; Dr. Joseph Sarnicki; Dr. Patricia Elethrop; and Wanda Renee Bassetti.

Because Plaintiff has failed to exhaust the administrative remedies that are a prerequisite to filing a claim against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), this Court lacks subject matter jurisdiction over the claim. 28 U.S.C. § 2675(a). Accordingly, Plaintiff's claims against the United States are **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED, this 9th day of August, 2013.

    /s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

§ 15.3 (delegating authority to the United States Attorney to certify that the defendant employee was acting within the scope of his employment).